The Honorable Bob Watts State Representative Route 1, Box 125 Harrison, AR 72601
Dear Representative Watts:
This is in response to your request for an opinion concerning Act 443 of 1987, codified at A.C.A. §§ 23-78-108, 112, and 122 (Cum. Supp. 1991). Your specific questions are as follows:
 1. If a funeral home, through its burial association, had issued a burial certificate to an individual prior to the effective date of Act 443 of 1987 and after the effective date of Act 443 of 1987 a different funeral home provides the funeral service, is the contracting funeral home required to pay 100% of the face amount of the burial certificate to the servicing funeral home?
 2. If the answer to question no. 1 is negative, what is the appropriate amount of reimbursement from the contracting funeral home to the servicing funeral home?
It is my opinion that the answer to your first question is "no." The contracting funeral home is not required to pay one hundred per cent of the face amount of burial certificates issued prior to the effective date of Act 443 of 1987.
Your first question has been addressed in part previously in Op. Att'y. Gen. 87-316, a copy of which is attached hereto. Specifically, it was concluded in that opinion that the provisions of Act 443 of 1987 do not apply to burial certificates issued before the Act's effective date.
The Act, codified at A.C.A. § 23-78-112(b), states in pertinent part:
 (b) If other than the contract funeral home performs the funeral service, the benefit shall be paid to that licensed funeral home on the basis of one hundred percent (100%) of the face amount of the certificate, in cash.
The Arkansas Supreme Court discussed the legislative purpose behind the adoption of Act 443 of 1987 in Arkansas BurialAssociation Board v. McEuen Burial Association, 302 Ark. 133,788 S.W.2d 234 (1990). The Act gives the Burial Association Board the authority to establish actuarial rates and reserve requirements necessary to "insure the financial integrity of all burial associations." A.C.A. § 23-78-108(a)(7) (Cum. Supp. 1991). In holding it improper for the Board to use money collected on burial certificates issued after the effective date of Act 443 to pay certificates issued before the Act went into effect, the Court pointed out that such an action would not be a step toward implementation of the legislative purpose of the Act to achieve financial integrity of the burial associations.
Based on the foregoing, it must be concluded that if a funeral home had issued a burial certificate to an individual prior to the effective date of Act 443, and after the effective date of the Act a different funeral home provides the funeral service, the contracting funeral home is not bound by the provisions of the Act to pay one hundred per cent of the face amount of the burial certificate to the servicing funeral home. It is only on those certificates issued after the effective date of the Act which the Act mandates must be paid at one hundred per cent of their face value.
It is my opinion that the answer to your second question is that the appropriate amount of reimbursement from the contracting funeral home to the servicing funeral home on certificates issued before the effective date of Act 443 of 1987 is at least eighty per cent of the face value of the certificates.
As set out above, the Act now requires that benefits are to be paid on certificates issued after the effective date of the Act at the rate of one hundred per cent of the face amount of the certificates, in cash. However, pursuant to the regulations adopted by the Burial Association Board, prior to the implementation of Act 443, if burial services were provided by a funeral home not customarily employed by the association, reimbursement on burial certificates was to be made to the servicing funeral home at the rate of at least eighty per cent of face value. See Reg. 11.[1] A.C.A. § 23-78-121 provides that these regulations shall have the full force and effect of statute. It is my opinion that Reg. 11 would therefore be the guide for those certificates issued prior to the enactment of Act 443 of 1987 and would require that, for those certificates issued before the Act went into effect, reimbursement is to be at the rate of at least eighty per cent of the face value of the certificate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
Enclosure
[1] Regulation 11 of the Rules and Regulations Governing Burial Associations states in pertinent part: "If at any time the Funeral Home customarily employed by the association cannot service the funeral, then the Secretary-Treasurer shall pay at least 80 per cent of the face value of the certificate to the servicing Funeral Director in accordance with Article 22 of the By-laws."